Matter of Talcott (2021 NY Slip Op 04143)





Matter of Talcott


2021 NY Slip Op 04143


Decided on June 30, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
VALERIE BRATHWAITE NELSON, JJ.


2020-07319

[*1]In the Matter of Kelly Douglas Talcott, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Kelly Douglas Talcott, respondent. (Attorney Registration No. 2256097.) 



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 1, 1989. By order to show cause dated July 29, 2019, in a separate proceeding under Appellate Division Docket No. 2019-02627, this Court, inter alia, immediately suspended the respondent from the practice of law, pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii), based upon his conviction of a serious crime. On June 3, 2020, under Appellate Division Docket No. 2019-02627, this Court suspended the respondent from the practice of law for a period of one year, effective immediately, without credit for the time the respondent had already served under the interim suspension imposed by this Court by its order to show cause dated July 29, 2019 (Matter of Talcott, 184 AD3d 185).



Catherine A. Sheridan, Hauppauge, NY (Ian P. Barry of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On October 1, 2020, the Grievance Committee for the Tenth Judicial District served the respondent, as authorized pursuant to Judiciary Law § 90(6), by means of substituted service, with a notice of petition and verified petition, both dated May 4, 2020, and thereafter, duly filed those papers with this Court together with an affidavit of service. The verified petition contains six charges of professional misconduct, which allege, inter alia, that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law, made cash withdrawals from his attorney special account, failed to render an account of his attorney special account, failed to maintain required bank and bookkeeping records, failed to cooperate with the Grievance Committee in its investigation, thereby engaging in conduct prejudicial to the administration of justice, and based on all of the foregoing, engaged in conduct that adversely reflects on his fitness as a lawyer. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee moves to deem the charges against the respondent established based upon his default, and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served by the Grievance Committee upon the respondent on November 6, 2020, as authorized pursuant to Judiciary Law § 90(6), by means of substituted service, he has neither opposed the instant motion nor interposed any other response thereto.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified [*2]petition dated May 4, 2020, are deemed established, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., MASTRO, RIVERA, DILLON and BRATHWAITE NELSON, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated May 4, 2020, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Kelly Douglas Talcott, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Kelly Douglas Talcott, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Kelly Douglas Talcott, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Kelly Douglas Talcott, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court